NEW-YORK, May, 1817.

OVERSEERS OF THE POOR OF SCAGHTICOKE, v. OVERSEERS OF THE POOR OF BRUNSWICK.

———◦✳◦———

*The Overseers of the Poor of the town of* SCAGHTICOKE *against the Overseers of the Poor of the town of* BRUNSWICK.

IN ERROR on *certiorari,* to the court of general sessions of the peace, for the county of *Montgomery.*

*Angle Preston,* a pauper, was removed from the town of *Brunswick* to the town of *Scaghticoke,* by an order of two justices, dated the 1st day of *September,* 1815; in which it was adjudged, that the legal settlement of her, the said *Angle Preston,* was in the town of *Scaghticoke.* The overseers of the poor of the town of *Scaghticoke* appealed from this order to the court of sessions of the county of *Montgomery,* who affirmed the order.

The return stated, that a witness testified that the father of the pauper once lived in the town of *Scaghticoke,* where he owned a farm, and that the pauper lived with him, and was there married; and that he supposed her father paid 500 pounds for his farm; but, on his cross examination, he said that he did not know that the pauper's father ever paid any thing for the farm.

In order to acquire a settlement by *purchase,* a contract for a conveyance on the payment of the consideration money is not sufficient but a title must have been acquired, and it must appear that a consideration to the amount of seventy five dollars was actually paid. Whether an adjudication in an order of removal that a pauper's *legal settlement* was in the town to which he is removed, be sufficient; or should it be adjudged that it was his *last* legal settlement? *Quære.*

NEW YORK,    *Levinus Lansing* testified, that his father sold to the pauper's
May, 1817.   father the farm on which he lived for 600 pounds, in the year
OVERSEERS OF 1785, and gave him a bond for a deed, to be given on the pay-
THE POOR OF
SCAGHTICOKE  ment of the purchase money; and that on the 11th day of *De-*
v.
OVERSEERS OF *cember*, 1792, the pauper's father sold it to the witness, for 565
THE POOR OF
BRUNSWICK.   pounds, but had no deed for it, and he assigned the bond to the
witness; and the witness did not know that he had ever paid any
thing for the farm.   No other evidence was stated in the return
material to the point decided by the court.

The return was submitted to the court without argument.

*Per Curiam.*   The two questions in this case are, 1. Whe-
ther the order of removal is not defective, in not adjudging that
*Scaghticoke* was the *last* place of legal settlement of the pauper.
2. Whether the facts in the case show that *Scaghticoke* was in
reality the last place of legal settlement.

The ground on which this second point is attempted to be
supported, is the purchase of an estate in that town by the pau-
per's father.   The mere contract for the purchase of land will
not satisfy this mode of acquiring a settlement.   And although
the act makes use of the term *purchase*, this necessarily implies
that *a title* must be given.   But, at all events, the consideration,
to the amount of 75 dollars, must be paid; and there is no evi-
dence whatever that the father of the pauper ever paid any part
of the consideration of his purchase.   One witness says he sup-
posed he paid 500*l.*, but the witness did not pretend to know
any thing about it; and the circumstances are very strong to
show that he did not pay it.   On the purchase he only got a bond
for a deed, and it is proved that he never got a deed; by
this bond the deed was to be given on the payment of the pur-
chase money.   It would, therefore, seem very reasonable to
conclude that he would have had his deed if he had paid the
consideration.   He, afterwards, sold this bond to *Levinus Lan-*
*sing.*   The order of the sessions must, therefore, be reversed.

Order of sessions reversed.